# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **TRINAE D WATKINS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **5:12-cv-03902-AKK** |
| **REGIONS MORTGAGE INC,** ) | |
| **FEDERAL HOME LOAN** ) | |
| **MORTGAGE CORP, and** ) | |
| **SIROTE & PERMUTT PC,** ) | |
| ) | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Trinae D. Watkins brings this action against Regions Mortgage Inc. ("Regions"), Federal Home Loan Mortgage Corp. ("Freddie Mac"), and Sirote & Permutt PC ("Sirote"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g), and seeking to prevent foreclosure on her home. *See* doc. 1. Defendants Regions and Sirote seek dismissal of the complaint for failure to state a claim upon which relief can be granted, docs. 11 and 12, and the motion is fully briefed and ripe for resolution, docs. 18-20. For the reasons stated below, the court **GRANTS** the motions with respect to the FDCPA claims, but **DENIES**

Regions's motion in all other respects.

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*,556 U.S. at 678 (citations and internal quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id*. (citation omitted).  The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. PROCEDURAL AND FACTUAL BACKGROUND[1]

Watkins executed a mortgage loan with Regions in 1997 and began investigating refinancing options in 2011.  Doc. 1 at ¶8, 10.  By September 2011, First Commonwealth Mortgage pre-approved Watkins and scheduled to close on the loan.  *Id*. at ¶ 11.  Watkins alleges that during her search, she became wary about the identity of the rightful owner of her original mortgage loan and to whom she should submit her monthly payments.  *Id*. at ¶ 12-13.  Apparently, this wariness led Watkins to cancel the closing even though it seems Commonwealth Mortgage may not have shared Watkins' concerns.  In any event, in an attempt to clarify her confusion, Watkins asked Regions to "validate their legal standing on

---

[1] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).

her mortgage loan." *Id*. at ¶ 15. Although Watkins alleges she "was not and is not in default on her mortgage obligation," she began withholding the mortgage payments to Regions. *Id*. at ¶ 13-14. Put differently, Watkins stopped making her monthly mortgage payments. To no surprise, this caused Sirote to send Watkins two foreclosure notices on behalf of Regions in November and December 2011. *Id*. at ¶ 16. In response, in January 2012, Watkins "filed Bankruptcy seeking protection of the automatic stay to stop what she believes was a fraudulent foreclosure action and to continue to get the Defendants to validate their standing." *Id*. at ¶ 17. The bankruptcy court disagreed and dismissed Watkins's case. *Id*.

In March 2012, Watkins began corresponding with "Defendants"[2] to ascertain "their standing as secured creditor, servicers, agent, attorney, debt collectors, investor, trustee, attorney-in-fact or otherwise relative to the subject property." *Id*. at ¶ 18. Watkins alleges that "Defendants" never answered her queries regarding the original note holder, but that Sirote mailed her a letter stating that the mortgage servicer referred her loan to Sirote for foreclosure. *Id*. at ¶ 20. Sirote's letter also identified Regions as the servicer and stated that "the original

---

[2] The complaint does not indicate which of the three defendants Watkins corresponded with at this time. *See e.g.*, doc. 1 at ¶ 18. Therefore, the court simply denotes "Defendants" as Watkins does in the complaint.

4

creditor was only available by written request." *Id*.  Sometime thereafter, Sirote sent Watkins a Notice of Acceleration of Promissory Note and Mortgage, showing Regions as the party accelerating the debt.  *Id*. at ¶ 21.  The three ensuing foreclosure sale advertisements appearing in the HUNTSVILLE TIMES newspaper stated that the sale was by Regions, the mortgagee.  *Id*.  In response to the pending foreclosure sale, Watkins filed for Chapter 7 bankruptcy on April 2, 2012, seeking an adversarial proceeding against Defendants.  *Id*. at ¶ 22.  Ultimately the bankruptcy court again dismissed Watkins's case.  *Id*. at ¶ 23.

On October 4, 2012, Sirote again sent Watkins a letter stating that Regions had referred her loan to them for foreclosure.  *Id*. at ¶ 24.  Sirote also sent another Notice of Acceleration of Promissory Note and Mortgage identifying Regions as the accelerating party and instructing Watkins to indicate whether the debt was valid within thirty days.  *Id*. at ¶ 25.  A few days later, Watkins disputed the debt through a letter to Sirote requesting that they identify the secured creditor.  *Id*. at ¶ 26.  In response to this request, Sirote sent Watkins a copy of the mortgage, breach letter, and letter of acceleration.  *Id*. at ¶ 27.  Sirote also notified Watkins of the scheduled sale date of November 29, 2012, and the dates it planned to advertise the foreclosure sale in the HUNTSVILLE TIMES.  *Id*.  In response, Watkins requested that Sirote send her the name and address of the lender foreclosing on

5

her home and the complete chain of assignments of the mortgage. *Id*. at ¶ 28. Sirote responded on behalf of Regions and Freddie Mac through a letter stating "Your loan originated to Regions Mortgage, Inc. was sold to [] Freddie Mac[]. The loan is being serviced by Regions Mortgage, Inc. Therefore, no assignment is necessary." *Id*. at ¶ 29. However, Watkins alleges that Freddie Mac cannot claim ownership of her mortgage loan without an assignment from Regions. *Id*. at ¶ 36.

### III. ANALYSIS

Watkins seeks relief against Defendants for violations of the FDCPA and TILA, and for wrongful foreclosure under Alabama law. The primary basis for these claims is that Regions and Freddie Mac failed to properly assign Watkins's mortgage and thus do not have a right to receive mortgage payments or foreclose on the property. *See* doc. 1. Regions raises two challenges to the complaint: (1) that the wrongful foreclosure claim is flawed because the actual foreclosure sale has not yet taken place, and (2) that Regions cannot be liable under the FDCPA because it is not a "debt collector." *See* doc.11. Sirote also challenges the complaint on the basis that Watkins failed to state a cognizable FDCPA claim against it. *See* doc. 12. Each contention is discussed below with respect to the relevant claims.

**A.  Wrongful Foreclosure**

In count I of her complaint, Watkins alleges that Regions and Freddie Mac "have misrepresented themselves, lack standing because of improper assignments,

a broken chain of title, and as such wrongfully commenced to foreclose" on Watkins's property. Doc. 1 at ¶ 66.  Generally, "[a] mortgagor has a wrongful foreclosure action whenever a mortgagee uses the power of sale given under a mortgage for a purpose other than to secure the debt owed by the mortgagor." *Reeves Cedarhurst Dev. Corp. v. First Amer. Fed. Sav. and Loan Ass'n*, 607 So. 2d 180, 182 (Ala. 1992), citing *Johnson v. Shirley*, 539 So. 2d 165, 168 (Ala. 1989). "If in any case [foreclosure] is attempted to pervert the power [of sale] from its legitimate purpose and to use it for the purpose of oppressing the debtor or of enabling the creditor to acquire the property himself, a court of equity *will enjoin a sale or will set it aside if made*." *Jackson v. Wells Fargo Bank, N.A.*, 90 So. 3d 168, 171 (Ala. 2012) (emphasis added) (*quoting Paint Rock Props v. Shewmake*, 393 So. 2d 982, 983-84 (Ala. 1981). Accordingly, a plaintiff does not need to show that a foreclosure sale transpired; rather, the plaintiff must show only that the defendant instituted foreclosure proceedings for a wrongful purpose or through wrongful means.

In the instant case, Watkins alleges that Sirote sent her foreclosure notices on behalf of Regions to collect a debt after she withheld her mortgage payments. *See* doc. 1 at ¶ 13, 25. In other words, Watkins does not allege that Defendants had a wrongful purpose for instituting foreclosure. Rather, she alleges that Regions and Freddie Mac did not have the right to institute foreclosure

proceedings.[3] Based on Watkins's allegations that Regions had no right to foreclose since it purportedly did not hold the promissory note, which the court must accept as true, *see Grossman*, 225 F.3d at 1231, Watkins sufficiently pled a claim for wrongful foreclosure.[4] Accordingly, the court **DENIES** Regions's motion.

## B.  Count II - Fair Debt Collection Practices Act [5]

Watkins alleges that Defendants violated the FDCPA by threatening foreclosure and sending foreclosure notices that contained false information

---

[3] Regions correctly notes that Watkins, at least in part, relies on a "splitting the note theory" to support her allegation that Defendants did not have the right to foreclose and that such splitting is allowed under Alabama law. However, "the mortgage becomes useless in the hands of one who does not also hold the obligation[, the promissory note,] because only the holder of the obligation can foreclose." *Coleman v. BAC Servicing*, 2012 WL 2362617 at *8 (Ala. Civ. App. June 22, 2012). Therefore, Watkins's reliance on this theory does not alone warrant dismissal of her wrongful foreclosure claim in light of her allegation that Regions is not the beneficial holder of her note.

[4] In making this finding, the court notes the circular nature of Watkins's contention. Watkins alleges that Regions did not have the right to foreclose because it sold her mortgage to Freddie Mac. However, Watkins alleges also that Freddie Mac did not have the right to foreclose because Regions did not validly assign her mortgage and thus Freddie Mac also did not own the mortgage. Both allegations cannot be true. For example, if Regions's sale of Watkins's mortgage to Freddie Mac is void, Regions retained its ownership rights of Watkins's mortgage and, with those rights, the ability to receive payments and foreclose. On the other hand, if the sale is valid and Watkins correctly asserts that Regions no longer had any rights under the mortgage, Freddie Mac had the right to receive payments and foreclose. Freddie Mac, however, essentially designated Regions as its agent in those tasks by selecting Regions to service the loan after the sale.

[5] In count II, Watkins also alleges a claim under the TILA, 15 U.S.C. § 1641(g). Although addressed by Regions in its motion to dismiss, the complaint does not allege a TILA claim against Regions, only Freddie Mac. Therefore, the court declines to discuss this issue. To the extent Watkins does allege a TILA claim against Regions, it is due to be dismissed for the reasons stated by Regions in its motion.

regarding the true owner of her mortgage.  *See* doc. 1.

### 1. *Defendant Regions*

The FDCPA is intended "to eliminate abusive debt collection practices by debt collectors" by prohibiting use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt" or the use of "unfair or unconscionable" collection means. 15 U.S.C. §§ 1692(e)*,* 1692e, 1692f.  To establish liability under the FDCPA, a plaintiff must first demonstrate that the defendant is a "debt collector." *Birster v. American Home Mortgage Servicing, Inc.*, No.  11-13574, 2012 WL 2913786 at *3 (11th Cir. July 18, 2012). A "debt collector" is

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exceptions provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts uses any name other than his own which would indicate a third person is collecting or attempting to collect such debts. . . . *The term does not include –*
>
> (F) *any person collecting or attempting to collect* any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns *a debt which was originated by such person*; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6) (emphasis added).

Watkins alleges that Regions originated the loan and admits that Regions serviced the loan at all relevant times. Doc. 1 at ¶¶ 8, 16, 20-21, 24-25, 27, 29. As such, Regions's attempts at foreclosure were attempts to collect a debt, *id*. at ¶ 13 and 25, from a loan it originated. Therefore, based on the plain language of the statute, Regions is not a "debt collector." Additionally, the legislative history of the FDCPA demonstrates that the term "debt collector" does not include "mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing." S. Rep. No. 95-382 (1977). As a result, since Regions also acted as the mortgage servicer after it apparently sold the mortgage to Freddie Mac, Regions still is not a "debt collector" under the FDCPA even if Freddie Mac owns the mortgage. Therefore, the court **GRANTS** Regions's motion on the FDCPA claims.

2. *Defendant Sirote*

Watkins alleges that Sirote violated §§ 1692e(10) and 1692f(6)(A) of the FDCPA by (1) using a "false representation or deceptive means to collect or attempt to collect a[] debt," 15 U.S.C. § 1692e(10), when it sent a letter stating that Regions and Freddie Mac had the right to collect from Watkins and (2) "threatening to take a[] nonjudicial action to effect dispossession. . . of property [where] there is no right to possession of the property," 15 U.S.C. § 1692f(6), by sending foreclosure notices when Regions and Freddie Mac did not have the right to foreclose on Watkins's property. *See* doc. 1 ¶¶ 71, 74. These claims are based on Watkins's assertions that neither Regions nor Freddie Mac are the beneficial

holder of her mortgage and that neither can foreclose on her property.  While the court must accept Watkins's contention that Freddie Mac and Regions are not the beneficial owners of her mortgage, her claim against Sirote fails because she failed to allege facts that established that Sirote knew or had reason to know that Regions – the entity for whom Sirote instituted foreclosure proceedings – had no interest in her home.  Instead, Watkins admits that she took out a loan from Regions, that she paid this loan for years and then stopped making these payments, and that Regions instituted foreclosure proceedings through Sirote as a result.  In other words, by her own admission, Sirote had a reasonable basis to believe that Regions had a right to go after her when she stopped paying her mortgage.  There is simply nothing in Watkins's complaint that establishes or suggests that Sirote used any "false representations or deceptive means" or that it knew it was "threatening to take a[] nonjudicial action . . . [where] there [was] no right to possession of the property[.]"  15 U.S.C. §§ 1692e(10), 1692f(6).  Therefore, based on these alleged facts, the court **GRANTS** Sirote's motion.

### IV. CONCLUSION

Based on the foregoing, the court **GRANTS** the motions on the FDCPA claims, but **DENIES** Regions's motions on the wrongful foreclosure claim.  Accordingly, Watkins's FDCPA claims against Regions and Sirote are **DISMISSED**.

**DONE** this 7th day of January, 2013.

_____
 **ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE