FILED
 2013 Feb-11  PM 01:08
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **TRINAE D WATKINS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **5:12-cv-03902-AKK** |
| **REGIONS MORTGAGE INC,** ) | |
| **FEDERAL HOME LOAN** ) | |
| **MORTGAGE CORP, and** ) | |
| **SIROTE & PERMUTT PC,** ) | |
| ) | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Trinae D. Watkins brings this action against Regions Mortgage Inc. ("Regions"), Federal Home Loan Mortgage Corp. ("Freddie Mac"), and Sirote & Permutt PC ("Sirote"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g), and seeking to quiet title to her home. *See* doc. 44. Presently before this court is Freddie Mac's motion to dismiss, doc. 39, and Watkins's motion to extend the deadline for her injunctive relief bond, doc. 52. The court stated in its January 28, 2013 order granting Watkins a prior extension of time that it would not grant any further extensions. *See* doc. 48. Therefore,

Watkins's motion is **DENIED** and, for failure to pay the required bond, the preliminary injunction is **DISSOLVED**. Additionally, for the reasons stated below, Freddie Mac's motion to dismiss is due to be granted in part.[1]

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

---

[1] Additionally, Regions Motion to Strike, doc. 33, is **MOOT** since the court did not rely upon the mentioned exhibits when it previously decided Regions's motion to dismiss, doc. 28.

true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).  The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. ANALYSIS[2]

Watkins seeks damages from Freddie Mac under the FDCPA and TILA, and also alleges wrongful foreclosure under Alabama law.  Doc. 44.  Freddie Mac contends that these claims fail as a matter of law because Watkins failed to allege specific conduct attributable to it and because Freddie Mac is not a "debt collector."  Doc. 39.  The court discusses each contention below.

**A.     Wrongful Foreclosure**

Watkins alleges in Count 1 that Regions and Freddie Mac "have

---

[2] Since the facts alleged in Watkins's amended complaint, doc. 44, are identical to those alleged in her original complaint, doc.1, the court refers the parties to the Procedural and Factual Background outlined in the court's January 7, 2013 opinion, doc. 28 at 3-6.

misrepresented themselves, lack standing because of improper assignments, a broken chain of title, and as such wrongfully commenced to foreclose" on Watkins's property. Doc. 1 at ¶ 66. However, Watkins failed to allege any facts suggesting that Freddie Mac, rather than Regions, instituted foreclosure proceedings. *See generally* doc. 44. In fact, Watkins admits that every foreclosure notice Sirote sent identified Regions as the foreclosing party. *See id.* at ¶¶ 15, 20, 24, 26, 28. Moreover, although wrongful foreclosure actions are properly instituted against the entity holding the mortgage, *see Reeves Cedarhurst Dev. Corp. v. First Amer. Fed. Sav. and Loan Ass'n*, 607 So. 2d 180, 182 (Ala. 1992), Watkins asserts that Freddie Mac is not the mortgagee, doc.44 at ¶¶ 32-41. Based on Watkins's failure to allege any conduct attributable to Freddie Mac and her contention that Freddie Mac is not a mortgagee on her loan, Watkins's wrongful foreclosure claim fails as a matter of law. Accordingly, Freddie Mac's motion to dismiss the wrongful foreclosure claim is **GRANTED**.

**B.     The Truth in Lending Act**

In Count 2, Watkins alleges that Freddie Mac violated the TILA by failing to notify her of the transfer of ownership of her property within 30 days of the sale. Doc. 44 at ¶ 68. Under the TILA, "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner of or assignee of the debt shall notify the borrower in writing of such transfer[.]" 15 U.S.C. § 1641(g)(1). Freddie Mac correctly asserts that Watkins's amended complaint reflects that Regions never

assigned the subject mortgage to Freddie Mac.  However, the plain language of the statute includes transfers of ownership beyond mere assignments.  Indeed, the statute states "the new owner," which Freddie Mac admittedly is, has a duty to notify the borrower of its ownership interest.  *Id*.  While it appears that Watkins suffered no damage under the Act because her payments were still due to the loan servicer (Regions), the court cannot dismiss the claim at this juncture based on the plain language of the statute.  Accordingly, Freddie Mac's motion to dismiss the TILA claim is **DENIED**.

**C.     The Fair Debt Collection Practices Act**

Watkins alleges also in Count 2 that Freddie Mac violated the FDCPA "by misrepresenting [itself] as the secured creditor of Subject property when [it] made an attempt to foreclose" on Watkins's property, which amounts to the use of a "false, deceptive or misleading representation or means in connection with the collection of a[] debt."  Doc. 44 at ¶ 69.  However, this claim fails also because Watkins failed to allege that Freddie Mac in fact "made an attempt to foreclose."  *See* section A, *supra*.  Indeed, Watkins alleges that Sirote sent several foreclosure notices identifying only Regions as the foreclosing party.  In light of Watkins's failure to attribute any conduct related to the foreclosure proceedings to Freddie Mac, her claim fails.

Additionally, the claim fails also because Freddie Mac is not a "debt collector" as that term is defined by the FDCPA:

>   any person who uses any instrumentality of interstate commerce or the

5

mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exceptions provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts uses any name other than his own which would indicate a third person is collecting or attempting to collect such debts. . . . The term does not include –

(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6) (emphasis added).  Here, Watkins failed to allege that Freddie Mac ever engaged in any debt collection activity with respect to her mortgage and instead alleges that Regions was the sole party attempting to collect on her debt.  *See* doc. 44.  Moreover, Watkins's amended complaint makes clear that Freddie Mac became the beneficial holder of the note, if at all, before she stopped making mortgage payments to Regions.  *See id.* at ¶¶ 11-13 (alleging that she stopped making payments only after learning that Regions may not properly own the mortgage note).  Accordingly, Freddie Mac obtained the mortgage prior to Watkins's default and cannot be considered a "debt collector."  As such, Freddie Mac's motion to dismiss the FDCPA claim is **GRANTED**.

## IV. CONCLUSION

Based on the foregoing, the court **DENIES** Freddie Mac's motion to dismiss the TILA claim, but **GRANTS** the motion in all other respects. Accordingly, Watkins's FDCPA and wrongful foreclosure claims against Freddie Mac are **DISMISSED**.

**DONE** this 11th day of February, 2013.

_____
ABDUL K. KALLON
UNITED STATES DISTRICT JUDGE